# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | | |
|---|---|---|
| **CAROLYN ALFRED** | * | **CIVIL ACTION NO. 11-1354** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

This social security appeal was referred to me for review, Report and Recommendation pursuant to this Court's Standing Order of July 8, 1993. Carolyn Alfred, born September 11, 1950, filed applications for a period of disability, disability insurance benefits and supplemental security income (SSI) on December 30, 2008, with an onset date of February 9, 2008 based on a vision impairment and pulmonary hypertension.

## FINDINGS AND CONCLUSIONS

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), I find that there is not substantial evidence in the record to support the Commissioner's finding that the claimant was not disabled.  However, I recommend that this matter be remanded for further administrative action, based on the following:

**(1) Records from Harbor – UCLA Medical Center dated February, 2008 to July 22, 2009**.  On February 6, 2008, claimant presented with progressively worsening edema and symptomatic anemia.  (Tr. 144).  An ECG showed left axis deviation, borderline low voltage in frontal leads, and a possible anterolateral infarct, probably old.  (Tr. 169).  An echo dated February 10, 2008, showed severe pulmonary hypertension.  (Tr. 166).  A colonoscopy showed hemorrhoids and diverticulosis of the colon.  (Tr. 155).

An esophagogastroduodenoscopy revealed that an arteriovenous malformation at the duodenal bulb had most likely caused iron deficiency  anemia. (Tr. 151-52).  Her diagnoses were hypertension, heart failure, severe anemia, and severe pulmonary hypertension.  (Tr. 143).  She was prescribed Lasix, Lisinopril, Metoprolol, Iron, and Norvasc.  (Tr. 142).

On February 28, 2008, claimant was seen for follow-up.  (Tr. 137).  On examination, she had bilateral edema and 2+ pedal pulses.  The assessment was micromytic anemia, bilateral edema and abdominal swelling, and poorly controlled hypertension.

On March 13, 2008, claimant was diagnosed with severe fundal gastroparesis for liquids.  (Tr. 136).  She was diagnosed with new onset diabetes mellitus on August 22, 2008.  (Tr. 132).  Her hypertension was near goal and she

had good home blood sugar levels on September 26, 2008.  (Tr. 130).

On July 22, 2009, claimant had no complaints.  (Tr. 207).  Her diabetes mellitus was not at goal.  Blood pressure was 148/64, and she had not filled her medications.  Her anemia was normocytic.

**(2) Consultative Examination by Dr. Rocely Edla-Tamayo dated March 5, 2009**.  Claimant complained of diabetes mellitus, poor vision, and high blood pressure.  (Tr. 171).  She stated that she checked her blood sugar, which was usually in the low 100s.  Additionally, she complained of weight gain, occasional numbness of the toes, and blurry vision for the past year.  (Tr. 172).

The visual acuity test showed that claimant's vision was 20/70 with glasses.  (Tr. 179).  She could visually move around the office without any help.

Claimant stated that she walked one-half block slowly because she got tired, picked up about 10 pounds, got a ride to go out, vacuumed, swept, cooked, read, watched television, and went to the doctor.  Her medications included Glipizide, Omeprazole, Losartan, Hydrochlorothiazide, Lisinopril, Ferrous sulfate, Carvedilol, and Amlodipine.  (Tr. 172-73).

Claimant reported that she smoked one pack a day for 22 years, and was down to eight cigarettes per day for the past three years.  She said that she drank alcohol moderately for 30 years, and quit one year prior.

3

On examination, claimant was 68 inches tall and weighed 166 pounds.  Her

blood pressure was 160/70.  She had no dyspnea, cyanosis, or edema.  She had

decreased visual acuity on both eyes, not improved by pinhole correction.

Dr. Edla-Tamayo's impression was diabetes mellitus, hypertension, history

of peptic ulcer disease and anemia on medication, visual impairment, chronic

nicotine abuse and past chronic alcohol abuse.  (Tr. 175).  She opined that

claimant was restricted in pushing, pulling, lifting, and carrying to about 50

pounds occasionally, and about 25 pounds frequently; was unrestricted as to

sitting; could stand and walk six hours out of an eight-hour workday with normal

breaks, and had no postural restrictions or functional impairment in the hands.

**(3) Physical Residual Functional Assessment dated March 13, 2009**.

The medical consultant determined that claimant could lift/carry 50 pounds

occasionally and 25 pounds frequently.  (Tr. 181).  She could stand/walk and sit

about six hours in an eight-hour workday.  She had unlimited push/pull ability.

Claimant could frequently perform all postural activities, except that she

could never climb ladders/ropes/scaffolds.  (Tr. 182).  She had no visual

limitations.

**(4) Records from University Medical Center ("UMC") dated October**

**26, 2009 to May 17, 2010**.  Claimant was seen on October 26, 2009, for

4

medication refills after moving from California to Louisiana.  (Tr. 197-99).  She was instructed to continue with her medications, monitor her blood pressure and blood sugar daily and bring her readings with her to appointments.  (Tr. 200).

On May 17, 2010, claimant's blood pressure was 180/72.  (Tr. 188).  She was referred for a diabetic eye exam.  (Tr. 190).

**(5) Claimant's Administrative Hearing**.  Claimant requested a hearing by an Administrative Law Judge ("ALJ") on March 25, 2009.  (Tr. 53).  In the request, she noted that she did not wish to appear at a hearing and requested that a decision be made based on the evidence in her case.

On December 3, 2009, the Notice of Hearing was sent to claimant setting a hearing date of January 27, 2010.  (Tr. 59).  In the Acknowledgement of Receipt (Notice of Hearing) dated December 13, 2009, claimant stated that she had no transportation to get to the hearing and was unable to take a bus alone to attend because of her instability in walking.  (Tr. 69).  In a subsequent Acknowledgment of Receipt dated January 15, 2012, claimant wrote that she was unable to attend the hearing because she had no transportation.  (Tr. 72).

Claimant failed to appear for the hearing set for January 27, 2010.  (Tr. 73). A Notice to Show Cause for Failure to Appear was issued on February 10, 2010. (Tr. 74).  Claimant wrote a letter dated February 16, 2010, indicating that she had

failed to attend because she had no transportation.  (Tr. 76).  By letter dated March

3, 2010, claimant wrote that because of her physical condition and inability to

attend the hearing, "I am giving permission to have my case received by the

judge."  (Tr. 77).

**(10) The ALJ's Findings are Entitled to Deference**.  Claimant argues that:

(1) the ALJ failed to fulfill his duty to develop the record where claimant was

unrepresented and was unable to attend her hearing in person; (2) the ALJ failed to

find that her vision impairment and pulmonary hypertension were severe

impairments at Step 2 of the sequential evaluation process, and (3) the ALJ's RFC

assessment was not supported by substantial evidence.  Because I find that the

ALJ should have developed the medical records as claimant was unable to attend

the hearing due to her physical condition, and was unrepresented by counsel, I

recommend that this case be **REMANDED** for further proceedings.

Regarding claimant's first argument, it is well established that the ALJ owes

a duty to a claimant to develop the record fully and fairly to ensure that his

decision is an informed decision based on sufficient facts.  *Brock v. Chater*, 84

F.3d 726, 728 (5th Cir. 1996).  When a claimant is not represented by counsel, the

ALJ owes a heightened duty to "scrupulously and conscientiously probe into,

inquire of, and explore for all relevant facts."  *Id*., citing *Kane v. Heckler*, 731 F.2d

6

1216, 1219 (5th Cir. 1984).  However, to merit reversal of the ALJ's decision, a claimant who does not validly waive his right to counsel must prove that he was thereby prejudiced.  *Id*.; *Gullett v. Chater*, 973 F.Supp. 614, 621 (E.D. Texas 1997).  Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision.  *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000).

Claimant argues that she was prejudiced because the ALJ failed to obtain pertinent records in this case.  The medical evidence reflects that claimant was diagnosed with pulmonary hypertension and diabetes mellitus.  While the records indicate that she had been treated for those conditions, they do not show the extent to which she was limited by her impairments.  Thus, a remand is necessary on this issue.

Additionally, claimant argues that the ALJ erred in failing to obtain an ophthalmologic examination.  Under some circumstances, a consultative examination is required to develop a full and fair record.  *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987).  The decision to require such an examination is discretionary.  *Id*.  In *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977), the Fifth Circuit stated  "[t]o be very clear, 'full inquiry' does not require a

7

consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision."  (emphasis in original).  A claimant must "raise a suspicion concerning such an impairment necessary to require the ALJ to order a consultative examination to discharge his duty of 'full inquiry' under 20 C.F.R. § 416.1444."  *Pearson v. Bowen*, 866 F.2d 809, 812 (5th Cir. 1989) (*quoting Jones*, 829 F.2d at 526).

In this case,  the visual acuity test showed that claimant had decreased visual acuity on both eyes, not improved by pinhole correction.  (Tr. 179).  This shows that she had diminished visual capacity, which is reflective of an ongoing disease process rather than merely needing refractory corrective lenses.  Thus, remand is necessary on that basis as well.

Accordingly, the undersigned recommends that this case be **REMANDED** to the Commissioner for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g).  This includes, but does not limit, sending the case to the hearing level with instructions to the Administrative Law Judge to evaluate all of the medical records for the relevant time period, particularly in light of her diabetes mellitus, high blood pressure and decreased visual acuity. Claimant shall be afforded the opportunity to submit additional evidence and to testify at a

8

supplemental hearing.

Inasmuch as the remand recommended herein falls under sentence four of Section 405(g), any judgment entered in connection herewith will be a "final judgment" for purposes of the Equal Access to Justice Act (EAJA).  See, *Richard v. Sullivan*, 955 F.2d 354 (5th Cir. 1992) and *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED. R. CIV. P. 6(b), SHALL BAR AN AGGRIEVED**

**PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed August 14, 2012, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  8-14-2012
By:  MBD

10